IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EUGENE DIXON,<br><br>  Plaintiff,<br><br>v.<br><br>NEW SOUTH PACKAGE STORE, INC.,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Eugene Dixon ("Plaintiff" or "Mr. Dixon"), by and through their undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant New South Package Store, Inc., ("Defendant") for violations of their rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

From 2017 to 2022, Plaintiff was paid on an hourly basis, without overtime compensation, calculated at one and one-half times his regular rate, for some of the hours he worked in excess of 40 in work weeks.

6.

Rather than pay Plaintiff time and a half for all his overtime hours, Plaintiff had to work overtime hours off the clock. Defendant had knowledge that Plaintiff was working overtime hours off the clock. For example, Plaintiff's supervisor, authorized him to work 96 hours and then reduced them to aproximately 62 hours every two weeks.

**PARTIES**

7.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Sohil Charania, located at 6776 GA Highway 85, Riverdale, GA, 30274, USA.

## **FACTUAL ALLEGATIONS**

10.

Mr. Dixon began working for Defendant on or about March 1, 2017. His last position was Supervisor/Lead.

11.

Mr. Dixon was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

12.

Throughout his employment with Defendant, Mr. Dixon was paid on an hourly basis, without overtime compensation for the hours he worked in excess of 40 in work weeks.

13.

Defendant is an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

14.

While employed by Defendant, Mr. Dixon regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

15.

Throughout Ms. Dixon's employment with Defendant, Mr. Dixon's primary duties were non-exempt work, such as counting stocks from truck deliveries and making sure merchandise was in the store.

16.

On or around September 8, 2022, Defendant had two thefts occur on the property in the same day while Mr. Dixon and two coworkers were present.

17.

Mr. Dixon previously informed Defendant not to place expensive bottles of liquor at the front of the store because Defendant did not have security.

18.

Defendant told Mr. Dixon the thefts were unacceptable and should not have happened, blaming him.

19.

Later that day, Mr. Dixon texted his manager asking for an apology because he was not responsible for the thefts.

20.

Defendant apologized and suspended Mr. Dixon on September 9 and 10, 2022 without pay.

21.

When Mr. Dixon returned to work on September 11, Defendant changed his scheduled and reduced his hours to 62 hours per pay period from 96 hours.

22.

On September 14, 2022, Mr. Dixon was given a warning after an incident occurred with a customer that did not involve him.

23.

Defendant's employees are predominantly Indian, and Mr. Dixon is the only African American on his shift.

24.

On October 25, 2022, Mr. Dixon emailed Defendant reporting his concerns of race discrimination.

25.

On October 26, 2022, Defendant responded that Mr. Dixon was not required to come to work until further notice.

26.

On October 31, 2022, Mr. Dixon informed Defendant that he would be picking up his check so he could pay his mortgage.

27.

Defendant asked Mr. Dixon to bring his keys to the store with him.

28.

Later that day, Defendant terminated Mr. Dixon stating that it no longer needed his service at the store anymore and to consider this his last paycheck.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

30.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African American/Black, prior protected activity.

## **CLAIMS FOR RELIEF**

### **COUNT I:  VIOLATION OF 42 U.S.C. § 1981**

31.

Plaintiff re-alleges paragraphs 10-30 as if set forth fully herein.

32.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African American).

33.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

34.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of their race.

35.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected their psychological and physical well being.

36.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to their emotional health, and has lost back pay and front pay.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

Defendant chose not to take appropriate remedial steps to prevent or correct

the harassment.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

39.

Plaintiff re-alleges paragraphs 10-30 as if set forth fully herein.

40.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

41.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

42.

There was a causal connection between the protected conduct and the adverse action.

43.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

44.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT III:  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

45.

Plaintiff re-alleges paragraphs 10-30 of this Complaint with the same force and effect as if set forth herein.

46.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

47.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

48.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

49.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Grant Plaintiff a trial by jury as to all triable issues of fact;

(i) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(j) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(k) Grant Plaintiff leave to add additional state law claims if necessary;

(l) Award Plaintiff such further and additional relief as may be just and appropriate; and

(m) All other relief to which he may be entitled.

Respectfully Submitted this 29th day of November 2022.

**BARRETT & FARAHANY**

*s/ Ianna O. Richardson*
Ianna O. Richardson
Bar No. 655153

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
ianna@justiceatwork.com

*Attorney for Eugene Dixon*